No. 34,848

BESSIE F. McCOMAS, Sole Trader, doing business as the ARMER EQUIPMENT COMPANY, *Appellant*, v. ELMER W. SIEDHOFF and GEORGE SIEDHOFF, *Appellees*.

(106 P. 2d 674)

*Ralph H. Noah,* of Beloit, for the appellant.

*J. B. Patterson,* of Wichita, *A. E. Jordan* and *Frank A. Lutz,* both of Beloit, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This appeal involves rentals due under written and oral contracts for the erection and use of an oil and gas rig, the appeal being by the plaintiff from a judgment rendered in favor of the defendants on their motion for judgment on the entire record.

Under date of October 21, 1936, Elmer W. Siedhoff and M. F. Mc-Comas entered into an agreement in writing that McComas was to build and complete—

"A rig of standard type & be it at Elmer W. Siedhoff man's inspection on completion of same, and for consideration of $1,400 at completion of the rig & if production be found that they are to purchase the rig at $4,500 less payment of $1,400 upon the finding of oil or gas in paying quantities."

This agreement further provided Siedhoff was to keep the rig in repair; that in event of a dry hole the rig was to belong to McComas, who was to tear it down and remove it from the lease. There was no statement in the contract when the rig was to be completed, nor any statement as to time in which the well should be drilled. The rig was completed about November 11, 1936, and was inspected by one Sweeny, allegedly the agent of Siedhoff. At that time, a written statement covering the $1,400, as well as some items for tools, etc., was presented to Sweeny, who accepted it and signed the following endorsement on it:

"Of which we the undersigned have inspected and accepted said standard rig & will keep same in first class repair except general wear and tear, and will replace any breakage and be responsible for fire, tornado, or explosion accidents for said rig until settled for or returned to M. F. McComas within a period of 120 days."

Under date of December 8, 1936, M. F. McComas transferred the above agreement to Armer Equipment Company by written endorsement thereon.

On April 21, 1937, plaintiff filed an action against defendant appellees and others to recover for certain equipment alleged to have been furnished for use with the rig. On September 2, 1937, plaintiff filed another action, an amended petition being filed later in which execution of the above agreement was alleged, a copy of the agree-

ment being made a part thereof. It was further alleged that at the time the written agreement was made it was orally agreed "that the rig should remain under the contract for a period of ninety days and if the drilling of the well took longer than that the defendants would pay a reasonable price for the time after said period;" that the rig was completed November 11, 1936, and accepted as shown by the above-quoted acceptance; that defendants used the rig for 192 days after the expiration of the 120-day period; that the reasonable value is $25 per day. Allegations concerning failure to diligently drill and complete the well are here omitted.

On motion of the defendants the two actions were consolidated. Thereafter defendants answered and from time to time supplemental pleadings were filed, some of them being included in the record submitted. It must suffice to say that issues were joined. A trial was had and the jury returned a general verdict in favor of plaintiff and against the defendants, George Siedhoff and Elmer Siedhoff, for $1,945.16, and answered twelve special questions. It is not shown that the last-named defendants filed any motion for a new trial, but they did file a motion to set aside the answers to certain of the special questions, for judgment in the action filed secondly notwithstanding the general verdict, and in the alternative, for a reduction of the general verdict on the ground it was excessive. On the hearing of this motion, on February 3, 1939, the trial court found the amount allowed was excessive, and—

"A new trial on the question of the value of the use of the rig only will be allowed unless plaintiff within ten days consents to a remitter of $700, or one-half of the $1,400 allowed by the jury."

On March 3, 1939, plaintiff in open court refused consent to the remitter (remittitur) and—

"The court thereupon grants plaintiff a limited new trial on the sole question of the amount of rental due upon said drilling rig after the expiration of 120 days," etc.

From this point on the action seemed to have proceeded only against the defendants against whom the above verdict was rendered.

On February 3, 1939, a supplemental petition was filed, a part of which was stricken. Thereafter defendants answered and plaintiff replied. These pleadings did not change the essential elements of the cause of action originally alleged. A second trial was had, and on October 10, 1939, the jury returned a verdict for the plaintiff

for $1,740 and answered two special questions. Defendants moved the court to set aside these answers, for judgment notwithstanding the general verdict, and in the alternative that the judgment be reduced for the reason that under the evidence it was excessive. Apparently defendants also filed a motion for a new trial, for on December 19, 1939, the trial court set aside the general verdict and the answers to the special questions and granted a new trial.

The matter came on for a third trial on January 9, 1940, when the defendants filed a motion for judgment in their favor on the entire record on the ground that under the pleadings and admitted facts no issue of fact remained, and under the law applicable to the admitted facts, defendants were entitled to judgment. This motion was sustained. Thereafter, the plaintiff filed a motion to have the court make its ruling more definite, and on March 1, 1940, the court held the whole question was one of law with reference to the contract, and that it then held plaintiff's petition did not state a cause of action on a right to recover rentals for the use of the rig, and in effect that it was sustaining a demurrer to the petition, and it also held that the original petition was prematurely filed. Plaintiff filed a motion for a new trial, which was denied, and or March 6, 1940, she served her notice of appeal. In her notice of appeal, plaintiff attempted to appeal from a ruling made March 3, 1939, striking out a part of one of her various supplemental pleadings. That appeal is too late and will not be noticed.

Although the foregoing narrative derived from the abstracts does not specifically disclose, it appears from the brief that the original rental of $1,400 mentioned in the contract was paid, apparently when the rig was accepted, and is not involved here. It also appears from the briefs that at the first and second trials the court held the contract in question was ambiguous and permitted evidence to be received as to what the plaintiff claimed the agreement actually was, including evidence that defendants were to pay rents for the use of the rig after 120 days from the time of its completion, while on the motion for judgment on the entire record, the court concluded the contract was not ambiguous, was complete in itself and that evidence could not be received to show the claimed oral agreement as to rents; that no cause of action could be maintained on the oral agreement, and without that, no cause of action was stated. Much of the argument is on the question whether the contract is ambiguous, but before considering that question, we note the following.

When the first trial was had the court determined the contract was ambiguous and permitted introduction of evidence as to plaintiff's claim as to what the entire agreement was. After the jury had returned its verdict, the court gave the plaintiff the option of consenting to a remittitur or a new trial would be granted on the question of the value of the use of the rig, the plaintiff refused consent, and the court thereupon granted "a limited new trial on the sole question of the amount of rental," etc.

If there was error in the rulings on ambiguity and in the admission of testimony, the errors were trial errors. The court's ruling granting a new trial was a final order. No person in interest appealed, and the rulings and judgment became final. After the term the trial court was precluded from making any ruling the effect of which was to vacate or modify its previous judgment, except for and upon grounds specified in G. S. 1935, 60-3007, none of which are even claimed to exist here. At the second trial, the sole question was the value of the use of the rig after 120 days from the date of its completion and acceptance, and that would have been the sole issue at the third or any subsequent trial. The question of liability had been determined and was *res judicata;* all that was left to determine was the amount of liability.

The same result would be reached if we were free to examine the question of ambiguity in the contract. Without elaboration, it may be said that even though it be assumed the contract as originally prepared was sufficiently definite, certain and inclusive in its terms and language, that the rights, duties and obligations of the parties could be ascertained—a thing which we would find difficult —that is not an end of the matter. That contract provided that McComas was to build "a rig of standard type & be it at Elmer W. Siedhoff man's inspection on completion of the same," etc. Siedhoff's man, Sweeny, evidenced compliance by the acceptance quoted earlier in this opinion, wherein it is stated the rig is to be settled for or returned to McComas within a period of 120 days. What could be concluded from both documents, for it seems clear they must be construed together? It may be said definitely that if a paying, producing well had been drilled, Siedhoff would have owed McComas $4,500, less the $1,400 concededly paid. Had a dry hole resulted within 120 days, McComas would have been entitled to the $1,400 and no more. From that point on the agreement of the parties is not clear. Possibly it was intended by the two writings

to provide that if the rig was used for over 120 days and a dry hole resulted, Siedhoff would pay for the excess time it was used. If that were the intention and actual agreement, nothing was said as to the amount of the rental. Siedhoff denies any such interpretation of the contract, for if it were the correct one, the only thing to be determined would be the value of the use. We think the trial court did not err in the first instance in holding the agreement evidenced by the two documents was ambiguous and incomplete and in receiving oral testimony of the plaintiff with respect to the contract.

We are of opinion the trial court erred in sustaining defendants' motion for judgment on the entire record and in rendering judgment for the defendants and against the plaintiff for costs. That judgment is reversed and set aside, and the cause is remanded with instructions to overrule the motion, and to try the issue as to the value of the use of the rig for such period as it may have been used after the expiration of the 120-day period following its completion and acceptance.